**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4587**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

MONWAZEE BOSTON,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry F. Floyd, District Judge.
(6:10-cr-00907-HFF-4)

Submitted:  December 15, 2011       Decided:  December 19, 2011

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Bradley Bennett, SALVINI & BENNETT, LLC, Greenville, South
Carolina, for Appellant.  Maxwell B. Cauthen, III, Assistant
United States Attorney, Greenville, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Monwazee Boston pled guilty to conspiracy to possess with intent to distribute a controlled substance, 21 U.S.C. §§ 841(a)(1), 846 (2006), and carrying a firearm in relation to a drug trafficking crime or crime of violence, 18 U.S.C. § 924(c)(1)(A) (2006). The district court sentenced Boston to a total of 120 months' imprisonment, consisting of 60 months on the conspiracy charge and a mandatory consecutive 60 months on the firearm charge. Boston's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but challenging the factual finding that Boston was a member of a gang, and questioning whether Boston's sentence was reasonable. Boston was informed of his right to file a pro se supplemental brief, but has not done so. Finding no reversible error, we affirm.

Boston challenges the district court's denial of his objection to the presentence report's finding that he was a member of the Hidden Valley Kings gang. At the sentencing hearing, the court heard testimony on this issue and determined that it was more likely than not that Boston was a member of the gang. After reviewing the evidence presented, we find no clear error in this determination and therefore affirm the district court's decision to overrule that objection. See United

2

States v. Pauley, 289 F.3d 254, 258 (4th Cir. 2002) (providing standard).

We have reviewed Boston's sentence and find that it was properly calculated and that the sentence imposed was reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007); see United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). The district court properly calculated the advisory Guidelines range, appropriately treated the Sentencing Guidelines as advisory, considered the applicable Guidelines range and the arguments of counsel, and weighed the relevant 18 U.S.C. § 3553(a) (2006) factors. We conclude that the district court did not abuse its discretion in imposing the chosen sentence, which was at the bottom of the advisory Guidelines range. See Gall, 552 U.S. at 41; United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (applying appellate presumption of reasonableness to within-Guidelines sentence).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Boston, in writing, of the right to petition the Supreme Court of the United States for further review. If Boston requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must

3

state that a copy thereof was served on Boston.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED